UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LEO HAWKINS and MICHELLE HAWKINS**                                    **PLAINTIFFS**

V.                                                       CIVIL ACTION NO.1:07CV399 LTS-JMR

**WELLS FARGO BANK, N.A., ET AL.**                                      **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the plaintiffs' motion [4] to remand. For the reasons set out below, this motion will be denied.

This action seeks injunctive and monetary relief for the defendants' actions in connection with attempts to collect a debt secured by a deed of trust. Plaintiffs are Mississippi resident citizens. All of the parties are of diverse citizenship from the plaintiffs except the substituted trustee on the deed of trust, J. Gary Massey d/b/a Shapiro and Massey, LLP (Massey).

This action was filed in the Chancery Court of Hancock County, Mississippi, and removed to this Court on grounds of diversity of citizenship. 28 U.S.C. §§1332. Plaintiffs seek damages in excess of $100,000, and this exceeds the statutory minimum amount that must be in controversy to support diversity jurisdiction under 28 U.S.C. §1332. Plaintiffs' challenge the propriety of removal, asserting that Massey's citizenship precludes the exercise of diversity jurisdiction.

Because Massey is a substitute trustee on a Mississippi deed of trust, Massey is a nominal party with no interest in the outcome of this litigation. See *Wansley v. First Bank of Vicksburg*, 566 So.2d 1218 (Miss.1990) citing *Lancaster Security Investment Corp. V. Kessler*, 159 Cal.App.2d 1218, 324 P.2d 634 (1958). The citizenship of a nominal party must be disregarded for purposes of determining diversity jurisdiction. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)*; Sones v. Simmons*, 2006 WL 2805325 (S.D.Miss.2006).

There is complete diversity among the real parties in interest, and the requisite jurisdictional minimum amount is in controversy. Removal is therefore proper in this case. Accordingly, the plaintiffs' motion to remand will be denied. An appropriate order will be entered.

**DECIDED** this 22nd day of January, 2008.

              s/ L. T. Senter, Jr.
              L. T. SENTER, JR.
              SENIOR JUDGE