UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEO HAWKINS AND MICHELLE HAWKINS                                               PLAINTIFFS

V.                                                                    CIVIL ACTION NO. 1:07cv399-LTS-RHW

WELLS FARGO BANK, N.A., SUCCESSOR                                              DEFENDANTS
BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A.,
AS TRUSTEE F/K/A NORWEST BANK MINNESOTA, N.A., AS
TRUSTEE FOR DELTA FUNDING HOME EQUITY LOAN
TRUST 2001-1, OCWEN LOAN SERVICING, LLC,
SHAPIRO & MASSEY, LLP AND J. GARY MASSEY

## **ORDER**

This cause of action has a connection to Hurricane Katrina, but not in the manner usually considered by this Court. Plaintiffs' home was totally destroyed by the storm, and their insurance company has refused to pay the benefits to which they believe they are entitled, but the carrier is not a defendant in the instant case. Instead, their complaint herein is that the named defendants elected to accelerate the indebtedness on Plaintiffs' home in order to begin foreclosure proceedings. Plaintiffs seek to enjoin foreclosure, as well as damages for what they say are defendants' illegal actions.

Defendants [1] removed the case to this Court from the Chancery Court of Hancock County in March 2007. Plaintiffs filed a [4] Motion to Remand, which this Court [12] denied.

On February 5, 2008, Defendants Wells Fargo Bank, N.A. (Wells Fargo) and Ocwen Loan Servicing, LLC (Ocwen) filed a [19] Motion to Compel Arbitration. Plaintiffs requested what the Court believed was an excessive extension [22] [23] of 30 days to respond. Instead, by Text Only Order dated February 12, Plaintiffs were allowed until March 4, 2008, to answer the [19] Motion to Compel Arbitration.

Shortly after this ruling, Plaintiffs filed a [24] Motion for Extension of Time to Complete Discovery, requesting 45 days in which to be allowed to attempt to show that it would be unconscionable for the Court to enforce the arbitration agreement. Plaintiffs followed this [24] motion with a [27] Motion for Reconsideration on the Court's February 12 Text Only Order. Plaintiffs reason that they cannot respond to the [19] motion to compel until discovery is allowed.

Wells Fargo and Ocwen [29] oppose the request for both reconsideration of the motion for extension of time and for additional discovery. They cite authority from this district, *Kulpa, et al. v. OM Financial Life Insurance Co., et al.*, No. 1:07cv1136-HSO-RHW, and the Northern

District of Mississippi, *American Bankers Life Assurance Company of Florida, et al. v. Moore*, No. 3:05cv68, for the proposition that Plaintiffs must show a compelling justification for discovery other than the contract itself or any firsthand knowledge of entry into it. Plaintiffs cite no authority from this jurisdiction, and the comment in their [25] memorandum that they "should have the right to conduct reasonable discovery to develop evidence which *may* demonstrate that enforcement of the arbitration agreement would be unconscionable" (emphasis supplied) lends support to Wells Fargo's and Ocwen's assertion [29] that "[n]oticeably lacking is even a contention that Plaintiffs hold a good faith belief that the proposed discovery is anything more than a fishing expedition."

Plaintiffs have not carried their burden to warrant discovery, which may be a costly proposition in time and money in its own right. There appears to be no reason–with the pleadings, the relevant contract documents, and their own knowledge--why they cannot respond to the [19] Motion to Compel Arbitration, although some additional time to that currently allowed will be granted.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [24] Motion for Extension of Time to Complete Discovery is **DENIED**;

Plaintiffs' [27] Motion for Reconsideration is **GRANTED IN PART** and **DENIED IN PART**, and their response to the [19] Motion to Compel Arbitration shall be due no later than March 10, 2008;

No further extensions shall be granted.

**SO ORDERED** this the 29th day of February, 2008.

                                                  s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE