UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


LEO HAWKINS AND MICHELLE HAWKINS                                        PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:07cv399-LTS-RHW

WELLS FARGO BANK, N.A., SUCCESSOR                                       DEFENDANTS
BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A.,
AS TRUSTEE F/K/A NORWEST BANK MINNESOTA, N.A., AS
TRUSTEE FOR DELTA FUNDING HOME EQUITY LOAN
TRUST 2001-1, OCWEN LOAN SERVICING, LLC,
SHAPIRO & MASSEY, LLP AND J. GARY MASSEY

## **ORDER**

Plaintiffs have filed yet another [33] Motion for Reconsideration, this time repeating the same arguments taken into account, and rejected, by this Court in its [30] Order denying Plaintiffs' [24] Motion for Extension of Time to Complete Discovery with respect to enforcement of an arbitration clause. Plaintiffs also seek leave [31] to file a response memorandum in connection with the discovery motion, which basically repeats arguments already made unsuccessfully.

While "[t]he Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*," *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994), the arguments offered by Plaintiffs do not satisfy the standards of either Fed. R. Civ. P. 59(e) or 60(b). The Court remains of the opinion that Plaintiffs have not carried their burden of showing a compelling justification for discovery. Plaintiffs' counsel is admonished that further "motions for reconsideration" may be subject to the imposition of sanctions.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [33] Motion for Reconsideration is **DENIED**;

Plaintiffs' [31] Motion for Leave to File Response Memorandum is **MOOT**.

**SO ORDERED** this the 25th day of March, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE