UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEO HAWKINS and MICHELLE HAWKINS				PLAINTIFFS

V.					CIVIL ACTION NO.1:07CV0399 LTS-RHW

WELLS FARGO BANK, ET AL.					DEFENDANTS

### MEMORANDUM OPINION

The Court has before it the defendants' motion [19] to compel arbitration.  The Court also has before it the plaintiffs' motion [15] to amend their complaint.  For the reasons set out below, I will grant both motions.

This controversy ripened into litigation in January 2007, when the defendants notified the plaintiffs of their intention to enforce a deed of trust by selling a parcel of land situated at 614 Morris Street, Waveland, Mississippi.  Prior to Hurricane Katrina, the plaintiffs' home was located on this land.  According to the state court complaint, the plaintiffs' home was destroyed in the storm.  Plaintiffs signed a deed of trust on this property to secure repayment of an $87,000 loan which fell into arrears after the storm.

On February 2, 2007, Plaintiffs filed a "Complaint of Sworn Petition" in the Chancery Court of Hancock County and thereby obtained a preliminary injunction to stop the sale.  The Chancery Court action was removed on grounds of diversity of citizenship.  The plaintiffs' state court petition presented a claim for damages in excess of the jurisdictional minimum under 28 U.S.C. §1332.  The preliminary injunction, entered on February 6, 2007, expired at the end of 120 days.

In the original complaint, there is an allegation that plaintiffs were qualified for a grant (presumably one of the grants administered by the Mississippi Development Authority).  Plaintiffs alleged that they could not collect the grant without the defendants' execution of certain documents required by the granting authority.  Plaintiffs represented in their petition that they had agreed (presumably with the defendants) "to pay off the entire mortgage amount" from the proceeds of the grant. (Complaint of Sworn Petition, Paragraph 8)  Defendants' motion to compel arbitration reflects that on February 27, 2007, the defendants signed a subrogation agreement and submitted it to the plaintiffs' attorney.  The record does not reflect what further action has been taken with respect to the grant.

On February 13, 2001, at the time the loan was originated, the plaintiffs signed a broad arbitration agreement covering "any claim, dispute or controversy . . . arising from or relating to" the loan transaction or the debtor-creditor relationship."  This is the agreement the defendants are now asking the Court to enforce.

Plaintiffs do not deny execution of the arbitration agreement, but they assert that the agreement should not be enforced because the cost of arbitration to the plaintiffs is "prohibitive." The arbitration agreement provides that the defendants will pay the first $2,500 charged by the arbitration administrator and additional fees in the event the plaintiffs prevail on their claims in arbitration.

The agreement provides that it is to be governed by the Federal Arbitration Act (FAA), 9 U.S.C. §1 et seq. The agreement states that a "'*Claim' includes claims of every kind and nature between [plaintiffs] and [defendants], including but not limited to initial claims, counterclaims, cross-claims and third-party claims and claims based upon contract, tort, fraud and other intentional torts, constitution, statute, regulation, common law and equity. The term 'Claim' is to be given the broadest possible meaning . . . .*" There is a strong federal policy in favor of arbitration. *See Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 24 (5th Cir.1990).

Under applicable Mississippi law and applicable federal law, arbitration agreements are enforceable under the FAA if: 1) a valid contractual agreement to arbitrate has been signed, and 2) the dispute is within the scope of this arbitration agreement. If the dispute is within the scope of a valid arbitration agreement, the agreement will be enforced unless arbitration is foreclosed by legal constraints external to the parties' agreement. *Safer v. Nelson*, 422 F.2d 289 (5th Cir. 2005); *Greater Canton Ford Mercury, Inc. v. Ables,* 948 So.2d 417 (Miss.2007). Plaintiffs do not dispute the existence or the validity of the arbitration agreement, and the plaintiffs do not assert that the agreement was reached under duress or any other legal impediment that would bar enforcement of the agreement. Plaintiffs have asserted that the arbitration process will be prohibitively expensive, but they have offered no evidence on which the Court could make a finding concerning their financial position. Nor have the plaintiffs shown that they have attempted to reach an arrangement with the defendants to adjust the cost of arbitration as provided for in the arbitration agreement.

In these circumstances, I find that the parties have entered into a valid and binding agreement to arbitrate claims arising from their contractual relationships; that the current claims asserted by the plaintiffs are within the definition of a "claim" set out in the arbitration agreement; and that there is no substantial legal grounds that would operate to invalidate or prevent enforcement of the arbitration agreement. Accordingly, the agreement to arbitrate shall be enforced.

I find that the plaintiffs are entitled to amend their complaint to add a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. Plaintiffs' motion to amend the complaint in the form they have filed as an exhibit to their motion [15] will therefore be granted, and the plaintiffs shall be allowed a period of ten days from the date of this order within which to file their amended complaint. The claims set out in the amended complaint will then be subject to arbitration in accordance with the arbitration agreement. The defendants' motion to compel arbitration [19] will also be granted. An appropriate order will be entered.

**DECIDED** this 28th day of May, 2008.

                                          s/ L. T. Senter, Jr.
                                          L. T. SENTER, JR.
                                          SENIOR JUDGE